UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donsurvi Chisolm,<br>*aka Don-Survi Chisolm*,<br>                      Plaintiff,<br><br>vs.<br><br>Capt. Cliff McElvogue; Lt. Riley; Sgt. Jacumin; Sgt. Collins,<br>                      Defendants. | ) C/A No.  4:11-cv-253-RBH-TER<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>) |

Plaintiff, Donsurvi Chisolm (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee in Berkeley County's Hill Finklea Detention Center (HFDC) in Moncks Corner, South Carolina, files this action *in forma pauperis* under 28 U.S.C. § 1915.[1] Plaintiff's Complaint names four HFDC officers as Defendants and alleges that they have denied Plaintiff's access to the courts because HFDC inmates do not have a law library or access to legal materials.[2] The Complaint is subject to summary dismissal, without prejudice and without issuance and service of process, because it fails state a claim of a violation of a constitutionally protected right for which relief may be granted by this Court.

### ***Pro Se* and *In Forma Pauperis* Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. §

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1915A; 42 U.S.C. § 1997e (the PLRA); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," or is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(I), (ii), (iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

As Plaintiff is a *pro se* litigant, this Court is required to liberally construe his pleadings, holding them to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even under this less stringent standard, however, a *pro se* complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**Background**

Plaintiff's Complaint alleges that he has been denied access to the courts in violation of 42 U.S.C. § 1983[3] because HFDC inmates do not have a law library or access to legal materials. Plaintiff alleges that his efforts to obtain his own legal research were terminated by HFDC staff after a few weeks. Plaintiff alleges that Defendants Riley and Collins confiscated some of his legal work product then returned it days later with items missing and that Defendant Jacumin "made the final call to effectively stop any legal research from coming in." Plaintiff alleges that "Mr McElvogue has mandated rules that deny our access and is ultimately responsible for providing adequate legal material." Plaintiff also alleges he "was stopped from filing motions in time" and that he has "absolutely no way to defend or research [his] case due to direct result of actions and refusal to accommodate a *pro se* inmate." ECF No. 1, p. 3. However, Plaintiff makes no specific allegations that Defendants' actions resulted in any actual injury or harm to him, or negatively impacted any legal case in which he is involved. While Plaintiff alleges that he is "a *pro se* defendant with no stand by counsel" (ECF No. 1, p. 3), state court records indicate that Plaintiff is represented by attorney Patricia Ann Kennedy of the Berkeley County Public Defender's Office, on his charges of murder (case No. M325223, indictment no. 2010GS0801425); ABIK (case no. M331243, indictment no. 2010GS0801424); and possession of firearm during the commission of violent crime

---

[3] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

(case no. M331244 , indictment no. 2010GS0801426). *See* Berkeley County Ninth Judicial Circuit Public Index website, http://courts.berkeleycountysc.gov/publicindex/PISearch.aspx?CourtType=G (last visited March 11, 2011).[4] Plaintiff's pleadings, *i.e.* HFDC documents which he attached to his Complaint to substantiate his alleged exhaustion of administrative remedies, also indicate that Plaintiff is represented by Ms. Kennedy. Plaintiff attached to his Complaint a grievance that he filed on December 13, 2010 to which HFDC's response was filed on December 14, 2010, stating: "as of this date [12/13/10], Ms. Kennedy is still your attorney of record, and all of your requests for legal material need to go through her. I spoke with her to verify that she is still your attorney." ECF No. 1-1, p. 1. Plaintiff alleges that he made repeated requests and filed four grievances, on December 2, 13, 17, and 21, 2010, to which he received a final agency answer/determination on December 21, 2010. ECF No. 1, p. 2. Plaintiff attached to his Complaint copies of three of the grievances in which he threatens to bring a § 1983 action: two are dated December 13, 2010, and one is dated December 2, 2010. It is apparent from the other two grievances and responses attached to Plaintiff's

---

[4] The Court may take judicial notice of court records and factual information located in postings on government websites. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"). *See also McCormick v. Wright*, No. 2:10-cv-00033-RBH-RSC, 2010 U.S. Dist. LEXIS 13799 at *6-7 n. 5(D. S.C. Jan. 15, 2010) adopted by, dismissed without prejudice by *McCormick v. Wright*, 2010 U.S. Dist. LEXIS 13726 (D.S.C., Feb. 17, 2010); *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 U.S. Dist. LEXIS 86538 at *2 (E.D. La. Sept. 8, 2008)(collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008)(collecting cases indicating that postings on government websites are inherently authentic or self-authenticating). According to the HFDC website, Plaintiff was booked on June 16, 2010, on charges of murder (bond not set); ABIK ($150,000 bond); and possession of a firearm during the commission of a violent crime ($50,000 bond). Plaintiff is also being held on a Driving Under Suspension bench warrant (bond not set) and a Dorchester County "hold" ( bond not set). *See* http://www.berkeleycountysc.gov/dept/sheriff/suspects/inmates.aspx (last visited March 11, 2011).

Complaint that HFDC imposes restrictions on inmates' incoming written materials, limiting length to ten pages and prohibiting pictures.[5]  *See* ECF No. 1-1, p. 2 -3.

As to the relief he seeks, Plaintiff states that:

> I would like Hill Finklea Det. Center to be forced to recognize the Constitution and provide access to the courts for their inmates. Whether it be with the opening of a law library or an adequate program in its place. And all other aspects of provisions that would come with that. I would also like each defendant to pay $10,000 a piece as the start up money for the library and or program.

ECF No. 1, p. 5.

## Discussion

The Fourth Circuit Court of Appeals has held that local jails such as HFDC, which are designed for temporary detention, are generally not required to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). The Fourth Circuit further held in *Magee* that a lack of access to courts claim should be dismissed if the plaintiff fails to allege a specific problem he wishes to research and further fails to show actual harm/specific injury. *Id.* Furthermore, if a plaintiff has counsel, no access to a law library is required to be given. *United States v. Chatman*, 584 F.2d. 1358, 1360 (4th Cir. 1978)(obligation of prison authorities to provide adequate law libraries satisfied when defendant is offered assistance of counsel). *See Wise v. Florence County Det. Ctr.*, Civil

---

[5]  In *Bell v. Wolfish*, 441 U.S. 520, 545, 60 L. Ed. 2d 447, 99 S. Ct. 1861 (1979), the United States Supreme Court recognized that pretrial detainees retain constitutional protections despite their confinement. Nevertheless, "[a] detainee simply does not possess the full range of freedoms of an unincarcerated individual." *Bell*, 441 U.S. at 546. A detainee's constitutional rights may be restricted in the interest of prison security. The United States Supreme Court subsequently held in *Turner v. Safley*, 482 U.S. 78, 89 (1987), that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *See Hause v. Vaught*, 993 F.2d 1079 (4th Cir. 1993)(complete ban on receipt of incoming publications in a short-term pretrial detainee setting upheld as within scope of penological interest rights of jailers)(citing *Turner*).

Action No. 6:10-969-HFF-KFM, 2010 U.S. Dist. LEXIS 68709 at * 2-3 (D.S.C. 2010).  If Plaintiff was offered the assistance of counsel, even if he alleges that he "fired" his court-appointed attorney, he would not be entitled to law library access.  *See Johnson v. 3rd Judicial Circuit of S.C.*, C/A No.: 4:10-887-JFA-TER, 2010 U.S. Dist. LEXIS 58184 at *8 (D.S.C. Apr. 28, 2010) affirmed by, adopted by, in part, complaint dismissed at, dismissed without prejudice by *Johnson v. Third Judicial Circuit of S.C.*, 2010 U.S. Dist. LEXIS 58185 (D.S.C., June 10, 2010).

In order to make out a *prima facie* case of denial of access to the courts, Plaintiff cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official conduct.  *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *see also White v. White*, 886 F.2d 721, 723-24 (4th Cir. 1989); *Strickler v. Waters*, 989 F.2d 1375, 1382-85 (4th Cir. 1993), cert. denied, 510 U.S. 949 (1993).  In his Complaint, Plaintiff claims that he "was stopped from filing motions in time," but Plaintiff has provided insufficient information to show that there was any actual injury.  A criminal defendant must be provided with access to an adequate law library or adequate access to counsel, but not both.  *Bounds v. Smith*, 430 U.S. 817, 828, 52 L. Ed. 2d 72, 97 S. Ct. 1491 (1977); *Williams v. Leeke*, 584 F.2d 1336, 1339 (4th Cir. 1978).  Where a defendant has elected to proceed *pro se* in a criminal case, he can be required to rely on standby counsel to overcome any research handicaps due to incarceration.  *United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978).

A careful review of the allegations of Plaintiff's Complaint discloses that his contentions relating to the lack of law library access do not raise a plausible federal claim under 42 U.S.C. § 1983, because there is no constitutional right to a law library in a local, short-term detention facility such as HFDC, and because, according to state court records posted on the Berkeley County Clerk

of Court's Office's Ninth Judicial Circuit Public Index website, Plaintiff is represented by an attorney with the Berkeley County Public Defender's Office. Furthermore, Plaintiff has made no allegations of any real injury and/or prejudice that Plaintiff has suffered or is likely to suffer as a result of the alleged inadequate access to legal materials while in pretrial detention. *See Lewis v. Casey*, 518 U.S. 343 (1996)(plaintiff must allege actual injury resulting from allegedly inadequate jail library in order to state a claim under section 1983). In the absence of an alleged actual injury and prejudice to a constitutional right resulting from Plaintiff's lack of access to a law library and/or legal research materials to date, while he is in HFDC awaiting trial, Plaintiff's Complaint fails to state a claim on which relief may be granted.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

March 16, 2011  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).